Thank you. Our third case is number 21-14317, Andrez Marquez v. Amazon.com, Inc. And Mr. Brennan, you have reserved five minutes for rebuttal. Whenever you are ready, you can begin. Thank you. Good morning and may it please the Court. My name is Ken Brennan. I represent the plaintiff's appellants on this appeal. For a period of at least two months in early 2020, my clients paid for a service that they did not receive, and they've come to court seeking a remedy for that. I'd like to address, time permitting, five points today, two procedural, three substantive. The first point I'd like to make is that the district court, and I'll get into more detail on each of these as I go, the first point I'd like to make is that the district court violated the most basic tenets of Rule 12b6 motion practice in disbelieving plaintiff's allegations, believing defendant's assertions, and resolving inferences in favor of the defendant. Counsel, we only have ten minutes, and even listing all five is going to take you a while, so let me fast forward a little bit. Let's assume for the moment that the worst possible happened, and we are in a cataclysmic World War III with two superpower nations against the United States. And during that two-month period, at least, one of our largest companies, who has agreed to deliver certain goods within one or two days, decides, I'm going to focus on those things which are essential, and food and groceries, both because we're getting a lot of demand for those things, and because it's good for our bottom line. And it's a general benefit to the entire country that our largest corporation decides to do that during this cataclysmic war. Can you plead around that, and for us to ignore that we are in World War III? Well, let me, no, and let me get to my second point. Right, you can't. So if you can't do that, then why can you plead around the fact that we are in a global pandemic where from the end of March till about June, the entire United States of America, and really almost the entire world, shut down? Does a district court have to close their eyes to that fact? Because you decided you didn't feel like mentioning it in your pleadings. No, Your Honor. The court can take a judicial notice from 30,000 feet that there was a pandemic, but what the court cannot take judicial notice of is the effect of the pandemic on Amazon, Amazon's alleged response to the pandemic, and the reason for Amazon's alleged response to the pandemic. Those are two very different things. I'm glad we got that straight now, because I don't know that there was that agreement both at the district court and in your briefing, but I'm glad we at least agree on that now. All right, so let's talk about the breach of contract claim. So we have to agree that the contract, and I'm going to agree with you for the moment that I think the contract does give some sort of promise for rapid delivery. I'm going to agree with that. But the contract also says that it gives Amazon the unilateral right without notice to change some of the benefits under the agreement. I think it says any benefit in the agreement. Do you agree with that? That's what the contract says, yes. Okay, so if they decide to do exactly that, then it wouldn't be a violation. And your response to that is, well, we pled unconscionability, right? That's part of my response. Okay. Let's talk about that part, because that part is very odd to me. Can you show me, and I'm curious, I looked and couldn't find it, a state of Washington case, because we all agree we're governed by the state of Washington, where a party has affirmatively pled in its breach of contract action that a contract is both enforceable and not enforceable at the same time, where that party did not seek rescission or reformation in a DEC action or asserted it as a defense or an avoidance for a reply? No, Judge, I can't point to a specific case. I can't find it either. I've never seen it in, I'm not, certainly I have the most experience on this bench. I'd be interested to hear what my colleagues have to say, but I have never, ever seen anything like that before. I think the point of the pleading was that there were provisions in the contract that were unconscionable. If that's true, counsel, if that's true, let's assume that's true for the moment. Don't you have an obligation to bring that as a reformation or rescission action rather than assert it as a preemptive defense to an argument that you know is going to happen because this is litigation number 15 in a series of litigations throughout the country? I don't think so. And this is not litigation 15. This is the only case that brought this, but no, I don't think I need to seek rescission if the contract is unconscionable, the court can simply refuse to enforce. The court could go one of two ways. It has to be, counsel, it has to be raised. So is that, again, correct me if I'm wrong, you're more experienced than I am. So the way that I've seen this is there's an arbitration provision, we want to enforce arbitration, affirmative defense, the provision is unconscionable. That's how it's met and litigated. Or I'm in a contract, there's a provision in that contract that is unconscionable and it can be excised and that needs to be either rescinded or reformed. So here's my deck action, seeking that or my equitable claim for rescission or reformation. I've never seen it embedded in a contract that you were seeking to enforce. Well, we're seeking to enforce the contract or if not enforceable, we're seeking a claim for unjust enrichment, but we are seeking in the first instance to enforce the contract. And procedurally, I understand what you're saying, Judge. I don't think it makes a difference whether I ask for reformation or rescission or I simply argue to the court, this provision cannot do what Amazon says it can do because it is unconscionable. All right, so let's assume for the moment you're right. Again, I have a hard time, if we're stepping into the state of Washington, seeing that that's somehow procedurally allowed. But let's assume that it is, that you're allowed to do that preemptively and plead it, and then use those pleadings in this action. Assuming you can do that, how is this substantially unreasonable where the other party, once a change is made, is unilaterally allowed to get out of the contract? So the contract says in bold letters or in all caps, once a change is made, you're allowed to get out of this thing. How's that unconscionable? The contract was not changed, and we plead the contract was not changed. Benefits have changed. What we plead is that Amazon didn't tell anyone the benefits changed. It doesn't have to, it doesn't have to give notice. But if clearly the terms were done, there's a chart, you attach the chart, the chart is part of the contract, they clearly changed the chart. They clearly did. So- They acted inconsistently with that, but they didn't change. If you go to their website, if you went to their website, they would still be promising rapid delivery. You can't plead the law. I mean, you're allowed to plead flax, but you can't plead the law. Okay. There's a contract that you've attached. That's correct. It says, they're obligating on one day for this, two days for this, one hour for this. That's correct. And these are the items there. They essentially crossed that out for two months and said, we're not gonna do that with regard to those items. So they changed the terms of the contract. My question is, why can't, if you're allowed to get out of it, Washington law seems to suggest to me, and the district court cited this, this is an original with me, that it's not substantively unconscionable. It doesn't shock the conscience. It is sufficient to be under Washington law, and we've cited this, it's sufficient to be procedurally unconscionable in Washington for a contract, for a contract to be unconscionable. Procedural unconscionability is sufficient, and I think we do have procedural unconscionability here, and I can- Well, how do you though, one of the terms in the contract that is all caps, says your continued membership after we change these terms constitutes your acceptance of these changes. If you do not agree to any changes, you must cancel your membership. It goes beyond that you can cancel. It's saying, unless you cancel after we change, you have accepted it. How have your clients not accepted these changes? I think I would respond this way, as a very practical matter, how did my clients know? They've received one or two packages outside of the window, but that doesn't necessarily mean that they're aware that Amazon has changed its policy, because if you were to go to Amazon's website- So they're not damaged in any way? So they weren't damaged? No, I didn't say that, Judge. I said if there were a couple of packages, they wouldn't have realized right away. They wouldn't have realized right away. Counsel, you know, if the promise is you're going to get one day, and you're damaged, and I accept that you were, because you got it on day two. Okay. Aren't you on notice that you've been damaged by a lack of keeping the very promise? You may be on notice that you've been damaged, but you're not on notice that Amazon has changed its terms and conditions. As a very practical matter, you're not going to know that, especially if you go to Amazon's website and they're saying to you, we're going to provide rapid delivery. We're going to provide rapid delivery for these particular products that we mark as eligible at checkout. And we're going to continue to sell this rapid delivery program. But to Judge Luck's point, you know if you don't get it on the date that was promised. I think you know there was a breach, but do you know that Amazon has changed its policy? Not every breach. But how's that a procedural unconscionability? That's where I'm having, you may be right, but how does that get you procedural unconscionability? Unlike certain adhesion contracts, like you're at the car dealership, your car's broken down, here's the contract, sign right this second, or you're out of here, you can't get it. This is, here's our website, sign up anytime, come anytime you want, cancel anytime you want. I mean, it's almost the definition of not procedural. There's no adhesion. I mean, there's adhesion, but there's no gun to your head, you have to sign. There's an adhesion contract. There is an adhesion contract, but that's not procedural unconscionable. That is an element of procedural unconscionable. It is, but it isn't itself. The term is buried in a maze of fine print. See, I have to say, okay, so let's talk about that. So, is it okay if I ask a question? So, the first contract you give is the terms and conditions. It's on page two, in a titled thing says amendment changes, or agreement changes. And then, as Judge Branch mentioned, in all caps, it gives the point of, if there's changes, you either agree, and if you don't, you have to cancel. So, how is that buried? This is how that's buried. What the district court said was the contract was just a few pages, or very short, when what we pleaded, accurately, is that the contract is literally an endless loop of hyperlinked terms and conditions. And a virtually endless string of hyperlinked terms and conditions. And if you look at the contract, if you look at page one of the contract, by the time you get to the language you're talking about, you've had to navigate through at least five links, which take you to literally scores, if not hundreds, of other links. This contract would be massive if it was printed out. Thank you, Judge Branch. All right, thank you. You have five minutes on rebuttal. Thank you, Your Honors. Mr. Chorba? Yes, good morning, Your Honors. May it please the court, Chris Chorba, on behalf of Amazon. Your Honors, Amazon offers a bundle of benefits to its prime members, including shipping benefits, streaming benefits, shopping, and reading benefits. The company is adding and taking these benefits away all the time. Removing benefits as they become obsolete, offering its prime subscribers additional benefits as they become available. Do you agree that Amazon, during the class period, as alleged in the complaint, changed the terms of its agreement? Your Honor, our initial position is that there is no specific promise in the contract. First of all, the term rapid delivery appears nowhere. Yes, it is true, as Judge Luck observed. There is this page, it's at app 76, Amazon Prime Shipping Benefits, Eligible Items and Addresses, and it offers a menu. It talks about same-day delivery, it talks about two-day delivery. Importantly, the very, very first line- Excuse me, can I fast forward? Your answer to Judge Branch's question is no, right? Well, know that there's not a specific provision in the contract promising- Know that you haven't amended the contract, amended the terms of the contract. Correct, Your Honor, but my point is there was no term to amend at all. I understand that's your position. I have to say I disagree with you. I don't know how you can say that Prime Benefits includes X, in this case rapid delivery, and say that that is not a provision of the contract. Well, Your Honor- At least at the pleading stage. Okay, but Your Honor, may I continue? What I was about to read, that very first line of the page that you're citing and that counsel relies on at app 76 states, products eligible for Amazon Prime will be designated on the product page and at checkout. Then, when you go to the free two-day, free one-day shipping, it states items and addresses, so it identifies what items are eligible. Items sold by Amazon that are marked on the product page and at checkout. So it's not promising that everything available on the site- Well, what about what the plaintiffs are alleging here? I think we can assume we all have a general familiarity with how Amazon works. If I'm ordering something off of Amazon and I go to checkout and it tells me this is when I can receive it and I have options. And if you're a Prime member, you can choose faster and it says same day. If it doesn't come that day, if it didn't come that day during the allegations of the complaint, isn't that, that was a promise made that was not fulfilled? Your Honor, had that been alleged, I would agree with you. That is exactly what has not been alleged in this particular case. But you are correct, in going through the checkout process, you as the Prime member are promised same day delivery. And then that item does not. That in and of itself is a promise. That in and of itself is a breach. That's when I would get to the question you asked me at the outset. Then I would say, Judge Luck, my answer to your question would not be no. It would be yes, the agreements actually allow us to modify under circumstances. And there's no- So let's talk about that. I have to say, if there's a close call for me, it's that part of this. So the breach of implied covenant of good faith and fair dealing. To the extent that the plaintiff alleges that there's a breach of the covenant of good faith and fair dealing in the promise of same day delivery, that really rises or falls with the breach of contract claim. So I'm not as worried about that. But to the extent there's discretion that is given to, that Amazon writes into the contract to say we can change the terms. And it actually doesn't even say, it says terms and any benefits. So you don't even have to change the terms. You just change the benefits. That's correct, Your Honor. And in that hypo, we could remove prime shipping altogether. I agree with you. And let's assume that happened. That seems to me to have to be done in good faith. Does it not? Well, Your Honor, first of all, if we get past the requirement that there is a term promising rapid delivery, then yes. But that's the whole problem is they're trying to use the good faith and read into the contract a term that doesn't exist. No, I think what they're saying is, to the extent you're saying that we are going to change benefits. So everyone agrees that there was rapid delivery for some set of products, and there wasn't for a two month period. We have to take that as a given based on the allegations. I'm taking you as a given that the contract allows you to do that very thing. But in exercising that discretion, does not Amazon have to act in good faith? At its most basic level, yes. They're under Washington law, there is read into every contract, a duty of good faith and fair dealing. So then why have they not stated a claim for that with regard to not what they, not their sort of primary point, but their secondary point of when you make the changes, that must be done in good faith. Well, Your Honor, first again, I don't want to leave any ambiguity and I doubt I have. We disagree that there was a explicit contractual promise of rapid delivery. That's not in the contract. And that was the basis upon which Judge Middlebrooks dismissed the breach of the covenant of good faith and fair dealing. The pleading in this case does not allege that the breach of the covenant of good faith and fair dealing was the exercise of the discretion during a global pandemic for two months to prioritize the delivery of essential items. That is not the claim in this case. The claim in this case is that you breached the duty of good faith and fair dealing because you promised rapid delivery, and then you didn't give rapid delivery. I'm not sure I agree with that. I think it's that you amended the terms of the contract. Now, this gets to where plaintiffs started, which is, I understand you view this as we did this because we just had to during these incredible times. And that may be what happened. But at least it's pled to us. This was done for a profit motive. They made more money for this reason, and that's why they did it. Well, actually, Your Honor, it was originally pleaded. The pandemic was all over the original. I'm talking about the operative complaint that we have in front of us today. Understood, but those allegations are in, and they're in the record, and they were before- Counsel, the operative complaint that we have in front of us today. I understand, Your Honor, but they haven't rescinded those allegations. They haven't dismissed- It is. It's automatically rescinded when they amend. Okay. The initial complaint is a nullity. Counsel, the operative complaint in front of us states that this was done for a profit motive, and that's why they made the change. So I go back. If you are allowed amendment, and if that amendment has to be done in good faith, then how have they not stated a claim for a breach of that duty of good faith? Well, Your Honor, we would submit that it was perfectly appropriate for Judge Middlebrooks, as he was requested to do by Amazon, to take judicial notice of the pandemic. That's true, and I agree, by the way. I think you got a concession from your opposing counsel on that, at least globally, that very point. But lots of things happen in the pandemic, and a company can still decide, I'm gonna lose money and keep my promise, assuming the promise is made, or I'm gonna make money and focus on the things that people really need right now. Now, if that's done for a purely profit motive, again, that's the allegation here, then how is that not a breach of the duty of good faith? Well, Your Honor, it can't be, under Washington law, a breach of the implied covenant of good faith and fair dealing. Again, even if we get past this issue that it's not an express contract term, and it's being used to vary the contract, to make a profit. They cite no authority for that contention. There's just no support for it. Really? I mean, you may be right, and we have to take a look at that. But you're telling me, I just want to be clear because I'm gonna go look at every single Washington case on the duty of good faith. You're telling me that a company that made a promise, assuming it exists, I am going to deliver something to you at 5 PM. And you rely on that, that's important to you. And you decide you don't feel like doing it, and are gonna wait a week. And instead, because you can make more money if you deliver it to my neighbor. Well, Your Honor, that's- You're telling me that's not a duty, that's not a breach of the duty? Your Honor, I want to be clear, I'm not making that representation. And perhaps I didn't follow your hypothetical. Again, I stated earlier that in that particular hypothetical, I promise I'm going to deliver it in the same day, let's say. Right. And I don't deliver it in the same day. And the allegation is I don't do that because I want to make a profit. Yes. That would, again, that's a very different situation from what we have. Is that not the allegations of this? It is not, Your Honor, because that is one of the fundamental failings of this complaint. Even if we get past the lack of a contract term, even if we get past the unconscionability arguments and the ability to modify the contract and that you're subject to that modified contract, nowhere in this complaint do they allege, I purchased this product, it was promised same day, it was promised two day, and I didn't receive it. And causation and damage are elements of each of the claims. Well, I understand. I'm talking about breach of good faith right now and of specifically the duty to amend the terms of the, or amend the benefits. I'm looking at paragraph 33 of the complaint. It's docket entry 20 of page 13, and it states, beginning on March 2020 and continuing until May, at least through May 2020, Amazon suspended its rapid delivery service for most products. Amazon focused on profits from consumer grocery and pharmacy spending to compete with major pharmacy and grocery chains. I mean, that's the allegation. Well, Your Honor, that doesn't state a case or controversy because they don't actually allege the named plaintiffs made a purchase on Amazon. That's a standing argument. Focus on what I'm trying to focus on now. We'll get to where you want to go, but does that not state a claim if assuming, again, assuming there is a contractual promise and assuming the contract allows you to amend those terms at any point. If it was done for a profit motive to amend those terms, and that's the sole reason it was done, is that not state a claim for breach of good faith? Well, you're asking me to assume away a lot of my argument. I am. I'm not asking you to concede it. I'm asking you to assume it for the purpose of my question. I would assume in that hypothetical, and again, I'm ignoring the language in the contract that allows us to remove benefits altogether. We're talking now about modifying a benefit for a profit motive. Again, I haven't researched that particular question under Washington law, but it wouldn't surprise me if that allegation did state a claim. But again, we're looking past the contracts that are incorporated by reference into the complaint. We're ignoring that, again, had we just removed shipping benefits altogether, as opposed to prioritizing certain essential items, there's no question we could do that under the contract, whether it was for a profit motive or otherwise. The contract doesn't speak to what the actual motive is. That would not state a claim. And where I wanted to go with this is, you still would need a plaintiff to allege, if the plaintiffs weren't even prime members, they'd be thrown out of court. So they must be prime members. And that's why I focus on the language on the shipping menu items page at app 76. It specifically, it doesn't say, if you're an Amazon Prime subscriber, you get two day delivery. It states at the checkout page and on the item product information page, it will tell you what the specific shipping speed will be. And that's why I conceded earlier, had plaintiffs, had Ms. Marquez allege, I purchased this item, it promised me two day delivery. I didn't get it until the third day. This would have been a very different case, and we submit Judge Middlebrooks would have dismissed it on the pleadings. But the problem we have here, the fundamental problem we have here, is they're trying to read into the contract a promise that simply does not exist. And that is a promise to guarantee rapid delivery, irrespective of the item, and irrespective of the surrounding circumstances of a global pandemic. Where again, we didn't eliminate a benefit. Rather, what we did was we took the responsible decision to prioritize certain essential items at the very, very beginning, and for a very brief period of this unprecedented pandemic. Unless the court has other questions, we would ask you to affirm. I have more questions. Walk me through exactly where you say that there is a requirement that it be on the page. In other words, there's something additionally that needs to show that this product qualifies for one day or two day or wherever. Sure, Your Honor. Appendix. Give me docket entries. I don't speak appendix. Okay, I apologize, Your Honor. It's Well, I apologize because the copy I have has the district court docket. I'm not sure. Give me the district court docket. 20-3. I got it. Give me the page. Page 104. Okay. Now, this document, Amazon Prime Shipping Benefits at the top, are we on the same place? Yes. This is the document that plaintiffs cite that says the contract promises rapid delivery. Well, they cite many things throughout the complaint. But the Amazon Prime Shipping Benefits page states, quote, your Amazon Prime membership includes a variety of shipping benefits, including several shipping options if you need to expedite your delivery. Exactly, Your Honor. If you need to expedite your delivery, and it includes several shipping options. And this page, which is the page that has the menu of what those- Okay, I'm looking at the page. Right. If you go right at the beginning, products eligible for Amazon Prime will be designated on the product page and at checkout. It is not an unqualified statement that everything on the website is eligible. So let me get this straight. Looking back at the operative complaint, you're saying that, looking at, I'm just gonna pull Plaintiff Prieto, that she was a Prime member. That she placed one or more orders on Prime, including during the operative period, and Amazon failed to provide rapid delivery. You're saying what is missing in these allegations is that there was no indication that beyond the general terms of the contract, she was promised on the checkout page one day delivery, two day delivery. Because that's the time frame that we would determine what sort of shipping was- Well, Your Honor, I would answer just slightly differently. First of all, she uses the phrase rapid delivery. She doesn't choose one of the time that are specified here. And that's why I'm citing this particular document 20-3, because that's where it itemizes the specific amount. So Plaintiff Prieto would have to say, I purchased this yo-yo, and it was promised to be delivered the same day, and it was delivered three days later. That would be a very different situation, and I think the result of this case might have very well been different on the pleadings. We would have gone into discovery on that. You're saying that because these plaintiffs are pointing only to the general terms of the prime membership, rather than what was actually happening at checkout, which varies, even as a prime member, that these plaintiffs are, their reliance on the general terms. There is no guarantee in the general terms of specific delivery times. That's precisely right, Your Honor, and again, the checkout flow, to go back to my discussion with Judge Luck, is not in the record. But this document, 20-3, when you look at each shipping speed column, free two-day shipping, the very first bullet point, items sold by amazon.com that are marked on the product page and at checkout, and there are no allegations about that specific, I was promised. Again, the allegation is I'm promised rapid delivery by Amazon, full stop. You breached- Members can, at checkout, it can be two months, like you're told that. There's no general rapid delivery assured, is that the point? That's correct, Your Honor, and again, among many other reasons, if it's not sold by amazon.com, if it's sold, for example, by a reseller, if it's sold by someone who doesn't offer prime benefits. So that's why these details that are missing from the complaint are critically important. They go not just to breach, but they go to causation and damages. I see I'm way over. Thank you, Your Honors. Thank you. Mr. Brennan, you have five minutes. Thank you, Your Honors. You could start where we just ended off, that line of questioning that Judge Branch had to your opposing counsel, that would be very helpful. Absolutely, the critical allegation that counsel says is missing appears in paragraph 32 of the First Amendment complaint on page 41 of the record. It's document number 20 ECF. Nonetheless, during this time, Amazon continued to sell Amazon Prime subscriptions, and here's the key, continued to list items as Amazon Prime eligible. What counsel called the critical missing fact is not missing at all. Well, missing for your, so that may be, this is goes to your, I think your opposing counsel framed it as standing. I'm not sure it's standing, but I think it's a defect maybe. That may be true for some plaintiffs out there, but there's no allegation, I think, is the tenor of the question back and forth, that these specific plaintiffs went to the website, as they were supposed to, found an item, that item listed, this is a two-dayer, clicked it, and then it came way beyond the two days. That is, that is the argument that was made. Is there... Incorrect argument, except that we didn't say two-day, we said rapid delivery. I understand. Is there something in there that connects a specific plaintiff to an item that was listed itself as rapid, I'll call it rapid delivery? I'll point you to paragraph 13, Your Honor, but it's actually 13, 14, 15. I would allege for each plaintiff, except for one, we allege, at all times, well, let me read the whole paragraph so we don't get messed up. Plaintiff James Bromley, this is 13, is a resident of Palm Beach County, Florida. He was an Amazon Prime subscriber, including between March 2020 and May 2020. At all relevant times during his subscription, he paid the full subscription fee. From time to time, he placed one or more orders on Amazon Prime for rapid delivery, including the time period between March 2020 and May 2020, and Amazon failed to provide rapid delivery as part of his Amazon Prime subscription. So your argument is we would read that in the light most favorable to you to mean that the items that were purchased were designated for your term rapid delivery, their term, one day, two days, whatever. Absolutely. And they say rapid delivery is not mentioned in the contract. We define the term rapid delivery in our complaint as one day, two day, et cetera. So I think that's not a great argument. All right, if I can go to some of the questions that I asked about the breach of the duty of good faith. So there is, it seems to me under Washington law, there is some indication that where the discretion is so broad and the party agrees to that broad discretion, that there isn't a duty of good faith. In other words, it really isn't discretionary. It's you get to decide anything you want. I'm agreeing that you get to decide everything you want with the understanding that I could back out if anything's changed, that that doesn't implicate the duty of good faith because the discretion is so broad. In other words, it's not choice A, B, or C, and you have to exercise good faith in choosing that. It's you can do whatever you want. And good faith really doesn't apply when it's the spectrum of everything. I think that my response to that, Your Honor, is that we alleged that rapid delivery was the core benefit, the most important benefit of prime. And in that circumstance, I think the duty of good faith and fair dealing would absolutely require exercising, I think the broader the discretion, the broader the discretion, the more it makes sense to cabin that discretion with the duty of good faith. I just, it seems to me that if the agreement says you can change anything regarding this, and they overnight decided no more Thursday night football, no more video and music, no more anything, in other words, it's all illusory, it's nothing, and nobody would do it. Everyone would back out and say, okay, I don't feel like doing it anymore, and cancel their subscriptions. But Washington law seems to suggest to me, and I'll give you at least one of the cases that I've looked at, that's the Reichter case, that the duty of good faith and fair dealing arises when a contract gives discretionary authority to determine a contract term. However, if the contract gives a party unconditional authority to determine a term, there is no duty of good faith and fair dealing. I just, what do I make of that? I confess I'm not intimately familiar with the facts of that particular case, but I think the, I suspect that you weren't talking about the most important benefit of the contract in that case. I suspect you were talking about, they were talking about some. Not really subjective. I know you say the core, it's the core thing. If I'm a Thursday night football fan, I really could care less about rapid delivery, but I really care about Thursday night football. Sure, two things. Number one, I do think that for us to allege that rapid delivery was the most important promise is an allegation that's entitled to an assumption of truth. Is it subjective? In a sense it is, but the core of that program, the way the program got started was rapid delivery. And that's what it's, I didn't plead this, but that's what it's associated with culturally and business-wise is that you get your product overnight, sometimes the same day, and these other ancillary benefits are just that, ancillary benefits. And I would further suggest on a slightly separate topic that the contract is illusory under the district court's reading of the contract because as you were indicating, under the language, if you give it the district court's or Amazon's reading, Amazon could have withdrawn each and every benefit under Amazon Prime and kept subscribers money until subscribers figured out, wait a second, they've canceled this program. And at least during that period, that reasonable period of time where they get to figure out that this program has been completely canceled and Amazon is, they're entitled to a remedy for at least that period of time. And as I mentioned, and I think it's an important fact, and I'll mention it one last time, Amazon continued, I'm out of time, so may I finish? Amazon continued to represent rapid delivery, Amazon Prime, at the very time that it had suspended rapid delivery. Let me ask you one question. Sure. So we're in the middle of a global pandemic during the operative period of this complaint. What could Amazon have done that would have caused you to not file this lawsuit? What is there, could they have put a big banner on the website that said, note, global pandemic, delivery times are expected to be slower? What steps could Amazon have taken that would have obviated the need for this complaint? Sure, a couple of things. Number one, if Amazon had stopped designating products as Prime eligible at checkout, that might have made a difference. But I think the more direct answer to your question is this, if Amazon was unable to perform, or if for whatever reason it was undesirable for Amazon to perform, sometimes that's life, sometimes that happens. But that doesn't mean that the plaintiffs who have paid for this service aren't entitled to a remedy. So what Amazon could have done was to have given a credit. There's nothing, if Amazon said, for purely altruistic reasons, we have decided to dedicate all rapid deliveries to the essential products that Americans are missing during this pandemic, thus any other product is not eligible for rapid delivery, there could still be a complaint filed. I'm not sure, Judge, because the contract provides that items are designated as Prime eligible at checkout. And those are the ones that are Prime eligible. We've certainly never alleged that every product is Prime eligible. That's never been alleged, and that's simply not the case. But if they eliminated Prime eligible for all products except for, I don't know, toilet paper, medicines, and that's it, you could still make an argument that plaintiffs paid for Amazon Prime membership expecting rapid delivery on a suite of products that's no longer available, thus we're filing the complaint, right? It would be a weaker complaint. Okay. It would be a weaker complaint. All right, thank you. All right.